CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 3 0 2010

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:06-cr-00049-3 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| ELIGIA JUNIOR MARTIN, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Eligia Junior Martin, a state prisoner serving a federal sentence and proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his sentencing violated his constitutional rights. After reviewing the record, I dismiss petitioner's § 2255 motion as untimely filed.

I.

I entered petitioner's criminal judgment in April 2008 for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 924(e)(1). On April 14, 2008, I sentenced petitioner to 180 months incarceration, to be served concurrently with a pre-existing state sentence, followed by three years of supervised release. Petitioner did not note an appeal.

Two weeks after sentencing, petitioner filed a pleading that the court interpreted as petitioner's request for a hearing to attack his conviction. However, petitioner wrote a letter to the court in June 2008, stating that he did not want to withdraw his plea.

Petitioner filed the instant § 2255 motion in March 2010. Petitioner alleges that no one told him about his sentence enhancement, the ability to withdraw his plea, the statutory maximum or mandatory minimum sentences, or the probation officer's sentencing determinations at least ten days before the sentencing hearing.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, a one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[1] A judgment entered in 2008 became final after ten days if the defendant

---

[1] Petitioner does not argue timeliness under subsections two through four. Therefore, I judge the motion's timeliness under subsection one.

2

did not file an appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2008). Therefore, petitioner's judgment became final in April 2008 after petitioner did not file a notice of appeal. Accordingly, for purposes of § 2255(f)(1), petitioner had until April 2009 to timely file his § 2255 motion. However, he did not file the instant motion until March 2010.

The court advised petitioner that his § 2255 motion appeared to be untimely and specifically requested argument or evidence addressing why I should consider the petition timely filed. In response, petitioner argues that he is not very intelligent, only recently accessed legal materials, and relies on help from other inmates. I find these arguments insufficient to equitably toll the statute of limitations. See Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (describing requirements for equitable tolling)). See also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that a § 2254 petitioner's unfamiliarity with legal process, even if caused by illiteracy, does not merit equitable tolling). Therefore, petitioner filed his § 2255 motion more than a year after his conviction became final, and petitioner's explanation does not merit equitable tolling. Accordingly, I dismiss the motion as untimely filed.

III.

For the foregoing reasons, I dismiss the motion to vacate, set aside, or correct sentence as untimely filed. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 30th day of March, 2010.

                                                        */s/ Jackson L. Kiser*
                                                    Senior United States District Judge