CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 13 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:06-cr-00049-3 |
| v. | MEMORANDUM OPINION |
| ELIGIA JUNIOR MARTIN,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Eligia Junior Martin, a federal inmate proceeding pro se, filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1] Court records indicate that Petitioner filed a prior § 2255 motion about the same conviction and/or sentence (ECF no. 142) that I dismissed (ECF no. 147), and the current motion does not involve previously unavailable facts. Thus, Petitioner's current § 2255 motion is a second or subsequent one under 28 U.S.C. § 2255(h).

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, I dismiss the § 2255 motion without prejudice as successive. Based upon my finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This ___ day of January, 2015.

Senior United States District Judge

---

[1] Petitioner also seeks alternative relief via a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, for a writ of audita querela, or for a writ of error coram nobis. Petitioner is not incarcerated within this district, and thus, I do not have jurisdiction over a § 2241 petition. Furthermore, the common law writs of audita querela and coram nobis are not available to Petitioner. See, e.g., In re Wright, 437 F. App'x 214, 214-15 (4th Cir. 2011); United States v. Valdez-Pecheco, 237 F.3d 1077, 1080 (9th Cir. 2000).