CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 15 2017
JULIA C. DUDLEY, CLERK
BY: s/H. McDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:06cr00049-3 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ELIGIA JUNIOR MARTIN, | ) | By: Jackson L. Kiser |
|     Petitioner. | ) | Senior United States District Judge |

Petitioner Eligia Junior Martin, a federal inmate, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 180-month sentence following a guilty plea. Martin asserts that he no longer qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA") because his predicate convictions no longer support such a designation following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The government filed a motion to dismiss, and Martin responded, making this matter ripe for disposition. After careful review of the record, and in light of Johnson, the court will grant Martin's § 2255 motion, and deny the government's motion to dismiss.

## I.

On December 28, 2006, Martin was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). Indictment at 4, ECF No. 3. Martin pleaded guilty, pursuant to a written plea agreement. ECF No. 128.

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended that Martin be designated an armed career criminal based on three prior Virginia convictions for statutory burglary.[1] PSR ¶ 31, 32, ECF No. 88. Because of this designation, the PSR recommended a total offense level of 30 and a criminal history category of IV, resulting in a

---

[1] The PSR notes that Martin has a 1982 conviction for statutory burglary and two 1982 convictions for breaking and entering. PSR ¶¶ 31, 32. Although referred to alternately as statutory burglary and breaking and entering, these convictions all involved violations of the same statute, Virginia Code Section 18.2-91.

sentencing range of 135 to 168 months' incarceration.  Id. ¶ 61.  In addition, he faced a statutory mandatory minimum sentence of 15 years' incarceration.  Id. at 60; 18 U.S.C. § 924(e)(2). Without the armed career criminal enhancement, Martin would have faced a statutory maximum of ten years' incarceration.  18 U.S.C. § 924(a)(2).  I adopted the PSR and sentenced Martin to 180 months' imprisonment to run concurrent to a state sentence that he had previously received. Judgment at 2, ECF No. 180.  Martin did not appeal.

Following his conviction, Martin filed numerous § 2255 motions, ECF Nos. 133, 142, 174, 197, all of which were denied.  Prior to filing his most recent § 2255 motion, Martin received authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition.  Notice at 1, ECF No. 235.

In this § 2255 motion, Martin alleges that the Supreme Court's Johnson decision invalidates his ACCA enhanced sentence because his Virginia predicate convictions no longer qualify as violent felonies.  The court appointed the Federal Public Defender's Office to represent Martin, although it declined to provide supplemental briefing and I granted its subsequent motion to withdraw.  Notice of Non-filing, ECF No 238, Order Granting Withdrawal, 239.  The government filed a motion to dismiss, arguing that Martin's petition was time barred and that Virginia burglary qualifies as a violent felony, even after Johnson.  Martin filed a motion to appoint counsel, recognizing that the arguments raised in the motion to dismiss had not been resolved in this district.  Motion at 1-2, ECF No. 254.  I appointed counsel to represent Martin, who filed an amended § 2255 motion.  ECF No. 259.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that

"the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When a petitioner already has filed a § 2255 motion, he may obtain relief in a second or subsequent petition by establishing that "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," invalidates his sentence. Id. § 2255(h). Martin bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III.

#### A. The ACCA Enhanced Sentence Structure

Martin challenges the viability of the predicate offenses used to support his status as an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
> 
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>      (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In <u>Johnson</u>, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which includes subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." <u>Johnson</u>, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). Therefore, following <u>Johnson</u>, prior convictions that qualified as "violent felonies" under the residual clause can no longer serve as ACCA predicates. The Supreme Court's decision in <u>Johnson</u> announced a new rule of constitutional law that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016). Because the court concludes that Martin is no longer an armed career criminal following <u>Johnson</u>, he is entitled to relief.

### B. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review. <u>Id.</u> at § 2255(f)(3).

Martin filed this § 2255 motion on June 30, 2016, more than one year from the date of his final judgment in 2008. Accordingly, his motion is untimely under § 2255(f)(1). However, the Fourth Circuit has held that a § 2255 motion is timely if it is filed within one year of Johnson and establishes that the sentence received "may have been predicated on application of the now-void residual clause and, therefore, may be [] unlawful." United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017). Martin alleges that his predicate convictions no longer qualify as violent felonies following Johnson based, in part, on the now-unconstitutional residual clause. Amend. § 2255 Mot. at 2, ECF No. 259. Because Martin's sentence may have been predicated on the residual clause, he has "shown that he relies on a new rule of constitutional law," such that he satisfies the requirements of 28 U.S.C. § 2255. Id. (internal quotation marks omitted). Therefore, I must conclude that Martin's petition is timely under § 2255(f)(3) as he filed it within one year of the Supreme Court's decision in Johnson, 135 S. Ct. 2551, which issued on June 26, 2015.[2] Id.

In addition, Martin did not challenge the constitutionality of the residual clause of the ACCA on direct review, which usually precludes collateral review on procedural grounds. Massaro v. United States, 538 U.S. 500, 504 (2003) (noting that claims not raised on direct appeal may generally not be raised on collateral review). However, the Fourth Circuit, in Winston, also rejected the government's "various related procedural arguments," and reached the merits of the petition. Id. at 682 n. 4. Accordingly, I must conclude, in reliance on Fourth Circuit precedent, that Martin's petition is not procedurally defaulted.

---

[2] Martin filed a motion for authorization to file a successive habeas petition with the Fourth Circuit on September 24, 2015. In re: Eligia Martin; 15-304. He supplemented his petition on April 21, 2016, and the court granted his motion on June 30, 2016. The same day he received authorization he filed his current § 2255. Accordingly, his petition is timely.

## C. Predicate Offenses and the ACCA

Martin challenges his status as an armed career criminal, arguing that his Virginia burglary convictions no longer qualify as violent felonies and thus do no support his enhanced ACCA sentence. After Johnson, neither Virginia burglary nor any crime can qualify as a violent felony under the residual clause. However, burglary is listed as an enumerated offense in the first part of subsection (ii) of § 924(e)(2)(B). However, the Supreme Court has established that a defendant's prior conviction can qualify as a "burglary" under the ACCA only if it was a conviction for "generic burglary." Taylor v. United States, 495 U.S. 575, 602 (1990). The Court went on to define generic burglary as: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598.

There is no question that the Virginia burglary statute defines the crime of burglary more broadly than the generic definition. Neither Petitioner nor the government makes any contrary claim. The Virginia burglary statute is broader than generic burglary because it includes entry into a place other than a building or structure, including "any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation."[3] Va. Code Ann. § 18.2-90. Nonetheless, if the Virginia burglary statute were divisible, that is, if it "sets out one or more elements of the offense in the

---

[3] Martin pleaded guilty to three statutory burglary charges in 1982, all in violation of Virginia Code § 18.2-91, which provided at the time of his conviction: "If any person commits any of the acts mentioned in § 18.2-90 with the intent to commit larceny, or any felony other than murder, rape, or robbery, he shall be guilty of statutory burglary. . . ." Va. Code Ann. § 18.2-91 (as amended 1975). Virginia Code § 18.2-90, in turn, provided the elements of statutory burglary and read:

> If any person in the nighttime enter without breaking or in the daytime break and enter a dwelling house or an outhouse adjoining thereto and occupied therewith or in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape, or robbery, he shall be deemed guilty of statutory burglary . . . .

Va. Code Ann. § 18.2-90 (as amended 1975).

alternative," and "so effectively creates several different . . . crimes," then the court could look to the facts of Martin's particular conviction to determine if he was convicted of generic burglary. Descamps v. United States, 133 S. Ct. 2276, 2281, 2285 (2013). The Fourth Circuit had concluded that the Virginia burglary statute is divisible into the crime of generic burglary and other types of burglary, which allowed a court to look at the specific circumstances of the defendant's case to determine if he was convicted of a generic burglary crime. United States v. Foster, 662 F.3d 291, 293 (4h Cir. 2011). However, very recently, the Fourth Circuit has recognized that intervening Supreme Court decisions abrogate its prior precedent and concluded that "it is clear that the Virginia burglary statute is indivisible." Castendet-Lewis v. Sessions, 855 F.3d 253, 261 (4th Cir. 2017). Because the case law is now clear that Virginia burglary is, on the one hand, broader than generic burglary, and on the other hand, indivisible, a Virginia burglary conviction can no longer support an ACCA enhanced sentence.

Martin's three predicates necessary to support his ACCA sentence are Virginia burglary convictions. Therefore, I conclude that Martin is entitled to relief.[4]

### IV.

McCain no longer qualifies as an armed career criminal and is entitled to resentencing. Therefore I will grant McCain's motion to vacate and deny the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 15th day of June, 2017.

                                            s/Jackson L. Kiser
                                            Senior United States District Judge

---

[4] Martin has six convictions for drug distribution offenses. PSR ¶ 35. However, the offense date for those convictions occurred on August 30, 2006, after the offense date for Martin's most recent § 922(g)(1) charge, which occurred on April 20, 2006. Therefore, as the government concedes, they cannot act as predicates for ACCA purposes. 18 U.S.C. § 924(e)(1) (providing for an enhanced sentence if the defendant has "three previous convictions").